**Nicholas A. HOWELL, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3815.**

Court of Appeals of Alaska.

July 24, 1992.

Rehearing Denied Aug. 27, 1992.

Michael Jungreis, Anchorage, for appellant.

John J. Novak, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Nicholas A. Howell was convicted by a jury of driving while his license was suspended (DWLS), in violation of AS 28.15.-291(a).[1] District Court Judge John D. Mason sentenced Howell to 30 days with 20 days suspended, and revoked his driver's license for one year, the mandatory minimum period specified at that time under AS 28.15.181(d) and AS 28.15.291(c). We affirmed Howell's conviction. *Howell v. State*, Memorandum Opinion and Judgment No. 2050 (Alaska App., August 1, 1990). Shortly after this court issued its decision, Howell filed a motion pursuant to Alaska R.Crim.P. 35(a) requesting the district court to reduce his sentence by issuing him a limited license. Howell relied on the

1. Howell's suspension resulted from his involvement in an automobile accident occurring while Howell was uninsured.

newly amended language of AS 28.15.201, which became effective January 1, 1991.[2]

Judge Mason, relying on AS 01.10.-100(a),[3] concluded, however, that the amended provision did not apply retroactively to Howell's original sentence because Howell had been sentenced prior to January 1, 1991. The judge further concluded that even if the provision was enforceable as to sentences imposed prior to January 1, it applied only to revocations for driving while intoxicated (DWI) and refusal to submit to a breath test. On appeal, Howell challenges this decision.

The rule is well settled that statutory amendments to sentencing provisions generally do not apply retroactively to offenses committed prior to the amendment's enactment. *See, e.g., P.H. v. State,* 504 P.2d 837, 841 (Alaska 1972) (punishment for an offense is governed by the law in effect at the time the offense is committed); *Galbraith v. State,* 693 P.2d 880, 882 (Alaska App.1985) (defendants are sentenced under law existing at time of commission of offense absent an expression of intent by legislature to make new law applicable to previously committed crimes); AS 01.05.021.[4]

█ However, in moving for the issuance of a limited license, Howell did not seek retroactive application of the recent amendment to the sentencing scheme promulgated under AS 28.15.181(d) and AS 28.15.291(c). Instead, his request relied on the court's authority to issue a limited license, as set forth under AS 28.15.201(a). This statute affirmatively vests the courts with ongoing power to issue a limited license, provided that issuance of such license is not prohibited under a provision of law in effect when the limited license is requested:

*A court of competent jurisdiction,* or a hearing officer under AS 28.15.165, *may, for good cause, impose limitations upon the driver's license of a person that will enable the person to earn a livelihood without excessive risk or danger to the public.* However, no limitation may be placed upon a driver's license until after a review has been made of the person's driving record and other relevant information, *nor may a limitation be imposed when a statute specifically prohibits the limitation of a license for a violation of its provisions* . . .

(Emphasis added).

Under the language of the provision, the pertinent inquiry is whether the driver's ability to obtain a limited license is restricted under any provision of current law. The state has cited to no such provision and our review of the statutes reveals none. We therefore conclude that the trial court erred in ruling that AS 01.10.100 precluded the issuance of a limited license.[5]

█ In holding that the district court erred in declining to consider issuing Howell a limited license, we do not suggest that

**2.** Howell filed his request for a limited license on January 3, 1991.

**3.** AS 01.10.100(a) reads:

**Effect of repeals or amendments.** (a) *The repeal or amendment of a law does not release or extinguish any penalty, forfeiture, or liability incurred or right accruing or accrued under that law unless the repealing or amending act so provides expressly.* The law shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of the right, penalty, forfeiture, or liability.
(Emphasis added).

**4.** AS 01.05.021 reads:

**Effect of repeal on prior offenses and punishments.** (a) No fine, forfeiture, or penalty incurred under laws existing before the time the Alaska Statutes take effect is affected by repeal of the existing law, but the recovery of the fines and forfeitures and *the enforcement of the penalties are effected as if the law repealed had still remained in effect.*
  (b) In the case of an offense committed before the time the Alaska Statutes take effect, *the offender is punished under the law in effect when the offense was committed.*
(Emphasis added).

**5.** The trial court's determination that AS 28.15.-201 applies only to revocations for DWI or refusal to submit to a breath test is likewise erroneous. Although AS 28.15.201(d) and (e) specifically authorize the issuance of limited licenses to drivers whose licenses are revoked for DWI/refusal convictions, nothing in AS 28.15.-201(a) purports to restrict the issuance of limited licenses to such drivers.

all drivers whose licenses have been revoked under former mandatory minimum sentencing provisions may now seek to obtain a limited license. Here, Howell was entitled to apply for a limited license because he moved to reduce his sentence within the time limitations set forth under Alaska R.Crim.P. 35(a).[6] We express no view as to whether individuals may apply for limited licenses under other circumstances.

The district court's order denying the limited license is VACATED, and this case is REMANDED for reconsideration of Howell's motion in light of the views expressed herein.

---

**6.** Criminal Rule 35 Reads:

**Reduction, Correction or Suspension of Sentence.**

(a) **Correction or Reduction of Sentence.** The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days of the day it is imposed. If the defendant takes an appeal, and the judgment is affirmed or the appeal is dismissed, the court also may reduce a sentence within 120 days of the day on which jurisdiction over the case is returned to the trial court under Appliance [sic Appellate] Rule 507(b), unless the defendant petitions the United States Supreme Court for certiorari, in which case the 120 days commences on the day that the Supreme Court denies relief.

(b) **Modification or Reduction of Sentence—Changed Conditions or Circumstances.** The court may modify or reduce a sentence at any time during a term of imprisonment if it finds that conditions or circumstances have changed since the original sentencing hearing such that the purposes of the original sentence are not being fulfilled.