Sean R. **HILL**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–7803.

Court of Appeals of Alaska.

Sept. 28, 2001.

Dick L. Madson, Law Offices of Dick L. Madson, Fairbanks, for Appellant.

Jeffrey O'Bryant, Assistant District Attorney, Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In November 1997, Sean R. Hill was convicted of manslaughter and sentenced by a

three-judge sentencing panel to 6 years in prison. In addition, under the authority of AS 28.15.181(b), the three-judge panel revoked Hill's driver's license for life.[1]

Following Hill's release from prison in May 2000, he asked the three-judge panel to grant him a limited license under AS 28.15.201(a) so he could drive for work-related purposes. The three-judge panel ruled that Hill's request was actually a motion for sentence modification. Because Criminal Rule 35(b) specifies that such motions must be filed within 180 days of the distribution of the judgment, the three-judge panel denied Hill's request as untimely.

■ We conclude that a court's decision to grant a limited license under AS 28.15.201(a) does not constitute a modification of a defendant's sentence within the meaning of Criminal Rule 35(b). Rather, a sentencing court's power to grant a post-sentencing request for a limited license under AS 28.15.201(a) is inherent in the defendant's original sentence, much like a sentencing court's power to modify a defendant's conditions of probation.

■ Under AS 28.15.201(a), when a court has revoked a defendant's driver's license because of a conviction for manslaughter (or for any other offense listed in AS 28.15.181(b)), the court may, for good cause, grant the defendant a limited license "that will enable the [defendant] to earn a livelihood without excessive risk or danger to the public." Thus, Hill was seemingly entitled to ask the three-judge panel to grant him a limited license for work-related purposes. (AS 28.15.201(a) specifies that this power to grant a limited license only exists if no other statute prohibits the court from doing so. In Hill's case, no statute prohibited the three-judge panel from granting Hill a limited license.)

■ The three-judge panel refused to consider Hill's request because the panel concluded the request amounted to a late-filed motion for modification or reduction of Hill's sentence. But the granting of Hill's request would not require the three-judge panel to modify the terms of Hill's sentence. By the terms of AS 28.15.201, when a sentencing court has revoked a defendant's driver's license under AS 28.15.181(b), the court retains continuing supervision over the license. Alaska Statute 28.15.201(a) authorizes a sentencing court to grant a defendant a limited license for work-related purposes, but AS 28.15.201(c) clearly envisions that this limited license will be of limited duration as well. This subsection specifies that, following the termination of the limited license, the defendant's license is again revoked. As we recognized in *Howell v. State*,[2] AS 28.15.201(a) "affirmatively vests the courts with ongoing power to issue a limited license, provided that issuance of such license is not prohibited under a provision of law in effect when the limited license is requested[.]" [3]

■ In other words, AS 28.15.201 establishes a sentencing court's authority to repeatedly grant a limited license when a defendant needs one to pursue a livelihood, but the statute also provides that the defendant's license will return to its former revoked status when the work-related need is ended. Impliedly, the statute also authorizes a sentencing court to terminate a previously granted limited license when later events convince the court that allowing the defendant to drive, even for limited purposes, poses "excessive risk or danger to the public."

■ These powers of the sentencing court are inherent in the original judgment revoking the defendant's license under AS 28.15.181(b), just as a sentencing court's power to modify the conditions of a defendant's probation are inherent in the original judgment suspending imprisonment and imposing probation. The sentencing court does not modify the judgment—at least, does not modify it in the sense contemplated by Criminal Rule 35(b)—when the court grants or rescinds a limited license under AS 28.15.201.

1. AS 28.15.181(b) states: "A court convicting a person of [manslaughter resulting from driving a motor vehicle] shall revoke that person's driver's license ... for not less than 30 days[.]"

2. 834 P.2d 1254 (Alaska App.1992).

3. *Id.* at 1255.

We therefore VACATE the order of the three-judge panel and REMAND the case to the three-judge panel to consider Hill's request for a limited license. We express no opinion as to whether that request should be granted.